IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROGER ALLEN COLLINS, JR.,**

    **Plaintiff,**

    v.                                                                                  **CASE NO. 22-3209-JWL-JPO**

**STATE OF KANSAS, et al.,**

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action. Plaintiff is in custody at the El Dorado Correctional Facility in El Dorado, Kansas. Petitioner has filed a motion for leave to proceed in forma pauperis. (Doc. 2.) Because the Court dismisses this case as frivolous and for failure to state a claim, the motion to proceed in forma pauperis will be denied as moot. Petitioner need not comply with the notice of deficiency mailed to him on September 26, 2022.

**I.  Nature of the Matter before the Court**

Plaintiff sues a state court judge and the State of Kansas, claiming that his constitutional rights have been violated and that his state convictions resulted in an illegal sentence. The claim stems from Plaintiff's arrest and conviction of driving violations. (Doc. 1, at 1.)  He was initially placed on probation, which was extended after he violated the terms of his probation, and which eventually was revoked. *Id.* Plaintiff is now serving a 17-month prison sentence. Plaintiff believes he did not violate the state traffic statutes because he was not driving a "motor vehicle" as that term is defined under certain federal statutes, Kansas statutes, and Kansas administrative regulations. *Id*. at 1-3. He also believes that he is not required to have a driver's license and he refers to his "right to travel." *Id.* at 2-3. Finally, Plaintiff asserts constitutional violations in the

1

stop, search, and seizure of his vehicle. *Id.* at 3. He asks the Court to vacate his sentence, which he contends illegally "converted [his] [s]ubstantive [r]ights [into] crimes." *Id.*

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). It must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). But "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that

2

is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

Plaintiff raised similar claims in *Collins v. Wichita*, Case No. 22-3135-SAC. In that case, he named the City of Wichita, the Wichita Police Department and Wichita police officers as defendants. Plaintiff's claims in that case arose from Plaintiff being charged with driving on an

3

expired tag, driving with a suspended license, and having a stolen license tag. *Collins v. Wichita*, Case No. 22-3135-SAC, Doc. 7, at 1 (D. Kan. July 15, 2022). The Court held that:

> First, the court finds that plaintiff's argument that he was exercising a right to travel while driving in his vehicle and therefore was exempt from license and registration requirements fails to state a claim for relief. The federal courts have uniformly rejected this claim. *See, e.g., U.S. v. Svoboda*, 633 F.3d 479, 483 (6th Cir. 2011) (explaining that plaintiff's belief that right to travel is a "God given right" and that driver's license requirement applied only to "public officials or corporations" was learned from the "Sovereign Citizens Movement") and *Secor v. Oklahoma*, 2016 WL 6156316 (N.D. Okla. Oct. 21, 2016) (dismissing claim of sovereign citizen plaintiff that he was not required to have a driver's license or car insurance).
> 
> The United States Supreme Court recognizes the freedom to travel as a basic constitutional right. *See United States v. Guest*, 383 U.S. 745, 758 (1966). "This federal guarantee of interstate travel ... protects interstate travelers against two sets of burdens: 'the erection of actual barriers to interstate movement' and 'being treated differently' from intrastate travelers." *Bay v. Alexandria Women's Health Clinic*, 506 U.S. 263, 276–77 (1993) (quoting *Zobel v. Williams*, 457 U.S. 55, 60 n.6 (1982)).
> 
> However, the Supreme Court also has held that states may constitutionally regulate the use of public roads by licensing drivers and that "[a]ny appropriate means adopted by the states to insure competence and care on the part of its licensees and to protect others using the highway is consonant with due process." *Reitz v. Mealey*, 314 U.S. 33, 36 (1941), *overruled on other grounds*, *Perez v. Campbell*, 402 U.S. 637 (1971); *see also Delaware v. Prouse*, 440 U.S. 648, 658 (1971) ("[T]he states have a vital interest in ensuring that only those qualified to do so are permitted to operate motor vehicles.").

*Id*. at 3–4.

The Court found that "plaintiff's claim that traffic violations are not a crime and his bald assertions of false arrest and violation of the Fourth Amendment fail to state a claim for relief" and "[a]ny claim that challenges plaintiff's present confinement must be presented in the state courts, including the state appellate courts, before he may proceed in federal habeas corpus." *Id*. at 5.

4

Plaintiff made the same arguments in *Collins v. Woods*, Case No. 22-3167-JWL-JPO. In that case, he named Kansas district court judge Roger Woods as defendant and challenged his arrest for driving violations on grounds including that he is not required to maintain a driver's license and that he was driving an "automobile," not a "motor vehicle" as defined by law. *Collins v. Woods*, Case No. 22-3167-JWL-JPO, Doc. 3, at 1 (D. Kan. August 12, 2022). After noting that Plaintiff had raised these claims in *Collins v. Wichita*, Case No. 22-3135-SAC, and the holdings in that matter, the Court explained:

> Section 1915A requires a court to dismiss the complaint, or any portion of the complaint, if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); *see also* 28 U.S.C. § 1915(e)(2)(B). "A claim is legally frivolous if it has no arguable basis in law or fact." *Frey v. Town of Jackson, Wyoming*, [41 F.4th 1223, 1242] (10th Cir. July 26, 2022) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Plaintiff continues to make a frivolous claim that his right to travel has been violated despite the caselaw cited in the rulings in his prior case. "'[R]epetitious litigation of virtually identical causes of action' may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (citation omitted) (finding action frivolous against new defendant even if not repetitive where new defendant was entitled to immunity).
> Plaintiff was aware of the Court's July 15, 2022 Order in Case No. 22-3135 prior to filing the instant case on August 8, 2022. Plaintiff's Case No. 22-3135 has now been dismissed for failure to state a claim for relief. *Collins v. Wichita*, Case No. 22-3135-SAC, at Doc. 14. The reasoning set forth in the orders entered in Case No. 22-3135 would apply to Plaintiff's current case.

*Id.* at 5-6 (footnote omitted).

The Court also pointed out that the sole defendant in *Collins v. Woods* was a state court judge. *Id.* at 5 n.1. Explaining that a state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction," *see Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978), the Court noted that Plaintiff alleged no facts whatsoever to suggest that the

5

defendant judge acted outside of his judicial capacity. *Id.* Thus, the Court dismissed the action as frivolous and for failure to state a claim.

The requirements of 28 U.S.C. § 1915A apply to this matter just as they applied in *Collins v. Woods* and require the Court to dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." Plaintiff was aware of the Court's orders in his previous cases prior to filing the instant case on September 23, 2022. In addition, both cases were dismissed; the first case for failure to state a claim for relief and the second as frivolous and for failure to state a claim. *See Collins v. Wichita*, Case No. 22-3135-SAC, at Doc. 14; *Collins v. Woods*, Case No. 22-cv-3167, at Doc. 3. Yet in the instant complaint, Plaintiff continues to assert claims based on the arguments that the vehicle he was driving did not fall within the definition of a "motor vehicle" and he is not required to maintain a driver's license. He also continues to name a state judge as a defendant without alleging facts that suggest the judge acted outside of his judicial capacity.[1] And finally, he continues to seek his release through a § 1983 action when a request for release from confinement must be brought as a federal habeas corpus matter.[2]

The reasoning set forth in the orders entered in Case No. 22-3135 and Case No. 22-3167 would apply to Plaintiff's current case. Thus, the Court finds that Plaintiff's current action must be dismissed as frivolous and failure to state a claim. Accordingly, it will deny as moot Plaintiff's motion to proceed in forma pauperis.

The Court further finds that this dismissal should count as a strike under the Prison Litigation Reform Act (PLRA), which provides:

---

[1] Plaintiff also names the State of Kansas as a defendant in this matter, but the State is not a "person" that can be sued under 42 U.S.C. § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (1989)("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

[2] The Court notes that Plaintiff has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Collins v. Williams*, Case No. 22-cv-3208-JWL-JPO.

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g).

In other words, each time a civil action or an appeal brought by a prisoner is dismissed "as 'frivolous' or 'malicious' or for 'fail[ing] to state a claim upon which relief may be granted,'" it counts as a "strike" against the prisoner. *See Payton v. Ballinger*, 831 Fed. Appx. 898, 902 (10th Cir. 2020). This is Plaintiff's third strike. *See Collins v. Wichita,* Case No. 22-3135-SAC (dismissed Aug. 12, 2022, for failure to state a claim on which relief can be granted)*; Collins v. Woods*, Case No. 22-cv-3167 (dismissed Aug. 12, 2022, as frivolous and for failure to state a claim on which relief can be granted). Thus, in any future civil actions or appeals, Petitioner may not proceed in forma pauperis without showing that he is in "imminent danger of serious physical injury."

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** as frivolous and for failure to state a claim. Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **denied as moot**.

**IT IS SO ORDERED**.

**Dated September 27, 2022, in Kansas City, Kansas.**

                          **S/ John W. Lungstrum**
                          **JOHN W. LUNGSTRUM**
                          **UNITED STATES DISTRICT JUDGE**